E-FILED
Tuesday, 15 September, 2026 03:05:54 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ANTHONY D. GAVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-1364 |
| | ) | |
| LIBERTY HEALTHCARE CORP., | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, brought the present lawsuit pursuant to 42 U.S.C. § 1983, alleging that terms of his conditional release pursuant to the Illinois Sexually Violent Persons Commitment Act, as applied, violate his constitutional rights. Plaintiff seeks leave to proceed *in forma pauperis*. (Docs. 2, 4).

As a threshold matter, Plaintiff's Petition to Proceed *in forma pauperis* (Doc. 2) is denied as moot with his filing of a subsequent Petition (Doc. 4) seeking the same relief. Plaintiff's Motion for Leave to File Amended Complaint (Doc. 3) is granted. Fed. R. Civ. P. 15(a).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who,

within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, even if part of the filing fee has been paid. 28 U.S.C. § 1915(e)(2)(B). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## Allegations in Amended Complaint

Plaintiff alleges that he is currently serving a term of conditional release following his release from Rushville Treatment and Detention Facility ("TDF"). He alleges that the Illinois

Department of Human Services ("IDHS") has contractually delegated supervision of those individuals serving a term of conditional release to Liberty Healthcare Corporation ("Liberty").

Plaintiff alleges that he must obtain approval from Liberty officials before he can contact any individual or engage in certain conduct. Plaintiff alleges that, to that end, Liberty "publishes and applies administrative materials—including a client manual, proposal forms, device agreements, written directives, and oral instructions—that may impose or extend practical restrictions." (Doc. 3 at 2, ¶ 4). Plaintiff alleges that he must submit a proposal for each new activity, and that the proposal form "recognizes three outcomes: approved, tabled, or denied." 43. Plaintiff alleges that the client manual does not require a prior court order for Liberty to extend or reimpose home confinement should an individual violate any condition of release, impose a maximum term, or provide for the ability to appeal to IDHS officials. Id. at 4, ¶¶ 14, 17.

Plaintiff alleges that Liberty's administrative procedures fail to define specific timelines for decisions on his requests or proposals to contact individuals or engage in specific conduct. He alleges that Liberty officials treat any contact or conduct without prior approval

as a violation without a safe harbor provision that permits initial conduct with proposed individuals pending Liberty's review.

**Discussion**

The Illinois Sexually Violent Persons Commitment Act (SVP Act) requires those committed individuals serving a term of conditional release to abide by several terms set forth therein. 725 Ill. Comp. Stat. § 207/40(5). The SVP Act also requires the individual to "comply with all other special conditions that the Department may impose that restrict the person from high-risk situations and limit access or potential victims." *Id.* 207/40(5)(BB).

Plaintiff expressly disavows any facial challenge to any term of his conditional release, and the Court assumes for purposes of this Order that the favorable termination requirement in Heck v. Humphrey, 512 U.S. 477 (1994), does not apply. See Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011) ("[D]istrict courts may bypass the impediment of the Heck doctrine and address the merits of the case."). Plaintiff does not challenge the State's ability to delegate its responsibilities under the SVP Act, nor does Plaintiff challenge Liberty's authority to impose additional terms pursuant to that delegation.

Liberty has imposed a term that requires Plaintiff to obtain prior approval before contacting any individual or engaging in new activities and requires compliance with the approval process outlined in its manual. Plaintiff has not alleged for how long or for what reasons Liberty officials have delayed his requests for approval, nor has he provided any specific allegations outlining Liberty's responses to any requests he has made. Plaintiff's allegations that Liberty could indefinitely delay a decision on one of his requests to the point it causes a constitutional violation is too speculative, on their own, for the Court to find that he states a claim. United States v. Phillips, 645 F.3d 859, 863 (7th Cir. 2011) (as-applied challenges are limited to the particular facts of the case).

Plaintiff's allegations do not permit a plausible inference that he suffered the legal detriment necessary to state a First Amendment access-to-the-courts claim. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). Plaintiff may desire to seek IDHS review of Liberty officials' decisions, but he does not have a constitutional right to a grievance process. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motion for Preliminary Injunction (Doc. 7)**

Plaintiff's motion requests prompt review of his complaint pursuant to 28 U.S.C. § 1915, "expedited service if IFP is granted; expedited briefing and hearing; entry of the proposed preliminary injunction if the Rule 65 showing is established; waiver or nominal security; and other appropriate relief." (Doc. 7 at 3).

Plaintiff's request for § 1915 review is denied as moot pursuant to the findings above, and his request for expedited service is denied as premature. He has not shown that he provided notice of his request for injunctive relief to the adverse parties, nor has he shown why notice should not be required. See Fed. R. Civ. P. 65. The Court finds that Plaintiff has not shown a reasonable likelihood of success on the merits for purposes of obtaining injunctive relief. Foodcomm Int'l v Barry, 328 F.3d 300, 303 (7th Cir. 2003). Plaintiff's motion is denied.

**Plaintiff's Motion to Request Counsel (Doc. 6)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff's unsubstantiated statement that he contacted attorneys is not sufficient. Balle v. Kennedy, 73 F.4th 545, 559-60 (7th Cir. 2023); Tackett v. Jess, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Petition [2] is DENIED as moot.**

2) **Plaintiff's Motion for Leave to File Amended Complaint [3] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

3) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

4) **Clerk is directed to send Plaintiff a blank complaint form.**

5) **Plaintiff's Motion [7] is DENIED.**

6) **Plaintiff's Motion [6] is DENIED with leave to renew.**

Entered this 15th day of September, 2026.

*s/ Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE